UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| DWIGHT A. RUDISILL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 0:21-cv-00078-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Dwight A. Rudisill is an inmate at the Federal Correctional Institution (FCI) in Ashland, Kentucky. Proceeding without a lawyer, Rudisill filed a "Petition to Perpetuate Testimony." [*See* R. 1.] The Clerk's Office docketed that submission as a new civil action for administrative purposes, and the matter is now before the Court on initial screening.

As best as the Court can tell, Rudisill is alleging that he wants to pursue a Federal Tort Claims Act (FTCA) claim against the United States of America but that a federal prison employee is refusing to provide him with a Standard Form 95 (SF-95 Form). [*See id.* at 2-4.] Rudisill says he "desires to perpetuate the testimony of" this employee so that he can learn more about the employee's reasons for allegedly refusing to provide him with the form. [*See id.* at 3.]

The Court has fully reviewed Rudisill's filing but will dismiss this narrow civil action. That is because Rudisill has not demonstrated in any clear way the need to depose the prison official in question at this time. Notably, Rudisill has attached to his filing a letter from the Bureau of Prisons (BOP), dated September 23, 2021, in which it acknowledges receipt of Rudisill's administrative tort claim for an alleged personal injury suffered at FCI Ashland and indicates that it will review, consider, and adjudicate his claim within six months. [*See* R. 1-1 at 2.] Thus, by all accounts, Rudisill was able to present his administrative tort claim to the BOP

and the BOP is currently in the process of assessing that claim, which it is supposed to do before Rudisill potentially pursues the claim in federal court. Thus, at least at this time, Rudisill has not established a need to perpetuate testimony. Therefore, the Court will dismiss this current action. That said, the Court's dismissal will be without prejudice to Rudisill's ability to later file a direct FTCA action. And, if it becomes relevant during the course of that subsequent action, Rudisill can raise the federal prison employee's alleged conduct regarding the SF-95 Form.

Accordingly, it is **ORDERED** that:

1. Rudisill's "petition to perpetuate testimony" [R. 1] is **DENIED**.

2. This action is **DISMISSED WITHOUT PREJUDICE** to Rudisill's ability to later file a direct FTCA claim in federal court.

3. This action is **STRICKEN** from the Court's docket.

4. All pending motions are **DENIED** as moot.

5. The Court will enter a corresponding Judgment.

This the 18th day of November, 2021.

Gregory F. Van Tatenhove
United States District Judge